The next case this morning will be Mebane v. GKN Driveline North America, Inc. Ms. Hernandez, we'll hear from you. Good morning, Your Honors. May it please the Court. My name is Jill Hernandez, and I represent the appellant, James Mebane. I will reserve seven minutes for rebuttal. Mebane asked this Court to reverse and remand for the following four reasons. First, the District Court abused its discretion in decertifying the rounding class because it merged the Rule 23 with the FLSA decertification standard, despite their fundamental distinctions. Like the Eighth Circuit's holding and day, the District Court should have held GKN to an onerous burden upon moving to decertify, given its previously conducted rigorous 23A and B analysis prior to certifying the rounding class. Instead, consistent with this Court's holding... May I interrupt you if I could?  A little more troubling is our jurisdictional issue. Your client, Mr. Mebane, settled this case and also pursued his attorney's fees and was rejected, and that was not appealed. We have no substitution of any representative party. So the question is, why isn't this, with respect to Mr. Mebane, a moot? Your Honor, thank you very much for that question. There was no unqualified release of claim in the settlement agreement or in the consent judgment. As we know from this Court's holding in... Did he settle? I'm sorry? Did he settle? He settled, but it did not include an unqualified release of claims. It included three things. It included a right to appeal, it included attorney's fees, and it included his fees in other cases. It included an express preservation of the right to appeal, and consistent with this Court's holding in TOMS, it's a two-pronged test. TOMS is at odds with your position, I think. I mean, we specifically said in Rhodes and TOMS that when a party voluntarily dismisses the individual claims, that party lacks standing to go forward. That is correct, but there is also a concrete financial interest. Is that not what happened here? He only settled his individual substantive claim, but he did not release the financial interest with respect to his attorney's fees and costs and with respect to his right for a potential service award. He exhausted those. He filed a petition for attorney's fees and it was turned down, and he didn't appeal. But not without prejudice, Your Honor. So to the extent that this Court would reverse and vacate, then he would be able to recover the attorney's fees. Do you know that you keep talking when Judge Niemeyer is talking? I'm so sorry. My apologies. Thank you. Judge Niemeyer, I'm sorry.  Again, the district court consented and approved the settlement agreement and the consent judgment. It had the express right to appeal as well as a financial interest in the attorney's fees and costs. Obviously, by moving forward the appeal and pursuing with that, to the extent that he would be able to have this reversed and vacated by allowing the plaintiffs and the opt-in plaintiffs and the class members to be able to recover their unpaid wages, then he would be able to also recover the service award. He doesn't have a substantive claim.  He can't represent somebody else as a representative party under Rule 23 or the collective action unless he has a claim himself. And he settled his claim, and the interest in attorney's fees you're talking about, he exhausted and has not appealed. We don't have that before us. And so the only other thing would be fees in other cases, but you'd have to assert that in those other cases. Your Honor, and I do recognize that, but again, in light of the fact that to the extent that this court would reverse and vacate, then he would be able to shift the attorney's fees and costs to the remaining class members. Not to mention... Didn't we, in Rhodes, we rejected the idea that the cost shifting of the fees, so there's two ways to have standing we recognize, right? And one is potentially the cost shifting. And in Rhodes, we specifically cabined that second way, the cost shifting way, so that's only available to plaintiffs who have involuntary dismissals, is what we said, right, when they've been forced to settle. We specifically said when a plaintiff voluntarily dismisses the individual claims, that ground for standing, that fee shifting ground, is not available, right? So is there anything left? There doesn't appear to be anything left after Rhodes for you. Now, Your Honor, to the extent that, again, should this court find that there is jurisdiction because there is a potential for a service award, there have been cases that have recognized... But not in this case. There's no potential for a service award in this case, right? He didn't reserve that. Well, there was no unqualified release of claims as it relates to his potential recovery as a class representative. So since Rhodes doesn't... Didn't he generally waive all remaining claims? That's in there, right? It says there is no explicit language that he was relinquishing his right as a class representative, and the financial award that would go with that. Some of the other agreements explicitly have that sort of language. So since Rhodes doesn't support your position, what do you think is the best case that supports what you're arguing about? Well, the way that we interpreted, for example, Tom's, is that it's a two-prong scenario. Even if there is no underlying individual substantive claim, there is still a potential for the attorney's fees and costs because there was a carve-out relating to that, and the district court did not dismiss or deny the attorney's fees with prejudice. So to the extent that is still an open question in terms of those attorney's fees and costs for Mr. Mebin, the class representative. But moving further to the plaintiff's exact claims here and the purpose of the appeal is that, again, should this court find that Mr. Mebin properly invoked the jurisdiction of this court, that there does remain to be a concrete financial interest, whether through the attorney's fees or his right to recover a service award because he did not relinquish his right as a class representative, then the next point would be that the district court abuses discretion by materially misapplying Rule 23C when it failed to distribute notice after certifying the automatic deduction class. The Supreme Court in Eisen v. Carlisle affirmed that notice is not discretionary but an unambiguous requirement. Here, notice to the class members... It never reached that point. I'm sorry? It never reached that point of giving notice. There was an ongoing motion for reconsideration and ultimately there was a determination that the classes were decertified. The court has to give notice at some point but there's nothing that mandates it give it before any particular ruling. This is all discretionary on managing the class. Well, Your Honor, what we understand from the Supreme Court, again, the holding in Eisen is that that's an unambiguous requirement. Of course it's a requirement but you have to give notice to let people opt out but the class never got that far. Right, but given the fact that the district court had actually granted Rule 23 certification, then the appropriate thing to do at that time was to send notice to these individuals. At this point, it has been an indefinite... Wasn't there a motion for reconsideration filed to that? There was a motion for reconsideration. And the court then considered that motion, didn't it? It did consider that motion. And then it decertified, didn't it? It decertified at the end, even though from August of 2022 until May of 2023, this remained as a certified class. And so what we know from... The court had it under reconsideration and the court's not going to give notice while the question of whether there's going to be a class is up in the air. I mean, this is just... You're asking to say that the court abuses discretion on the timing of this. It has to give notice. A class action requires notice. It's a constitutional requirement, actually, on a B3 class to have notice and opportunity to opt out. But the question of whether the court should have given notice before it resolved whether there was a class action is a strange claim. But, Your Honor, and I accept and I understand and acknowledge Your Honor's position on that. The concern here is that if after a district court certifies a Rule 23 class, there's going to be a defendant that immediately files a motion for reconsideration and that will just simply delay the matter indefinitely. Well, it's up to the court. The court may say that the motion for reconsideration is nothing. I'm firm on my class and issue notice. Or the court may say, well, there's something to it. I'm going to hold up on notice until we determine whether it's appropriate. That latter is what happened in this case, right? Well, the concern here was that in decertifying... Here was even what was more problematic, that by the time the district court in May of 2023 decertified the automatic deduction class, the court relied almost exclusively on GKN declarations. And what we know from this court's holding in Brown is that district courts have to proceed with eyes wide open to the power imbalance, the potential for coercion, and that these are class... These are essentially current employees that are subject to these concerns. And more significantly, at the time when the district court was analyzing those declarations, it should have kept in mind limiting the value or the weight of those declarations because of the power imbalance. Limiting the probative value overall and looking, more importantly, at the representative testimony of class members, the common evidence that was at issue. There was overwhelming common evidence. There were two common policies with respect to the Rule 23 certified classes. One was the rounding class. One was the automatic deduction class. And those were the overarching questions, overarching common questions that had common proof that certainly could go to the jury for the jury to decide class-wide liability and damages, Your Honor. The other thing is the district court essentially ignored the representative testimony here. There was representative testimony as it relates to how all of these individuals were subject to the same common policies, the rounding policy, and the question about the rounding policy was whether or not it was neutral. The parties had competing proposals about the lawfulness of the rounding policy. And with that information, the plaintiff's expert had statistical evaluations and analysis that demonstrated that that rounding policy wasn't in fact neutral, that it was being utilized to undercount the employees' actual hours worked. There were timekeeping policies expressly stating that GKN wanted to ensure that employees were clocking in and clocking out to keep an accurate reporting of hours worked. And then we had the actual time and pay data, the pay policies, that affected all of the hourly employees. All of them were hourly employees. All of them were subject to the rounding policy. The red light is on. We'll get you back on rebuttal. Thank you so much, Your Honor. I appreciate it. May it please the Court. I'm happy to answer any questions the Court may have. Thank you, Your Honors. All right, Ms. Hernandez, you have some rebuttal. Not much to rebut. You can come up. Your Honor, the only other thing that I would say as it relates to the FLSA decertified analysis. Just simply wanted to make sure that this Court understood that, again, with respect to the rounding policy and the way the District Court, unfortunately, failed to hold GKN to its burden of demonstrating that a reexamination of Rule 23 A and B was warranted, the District Court failed to do that. It was the District Court's responsibility to ensure that the class remained certifiable. And because it didn't do that, then it failed to, again, hold GKN to its burden. Secondly, as it relates to the FLSA collective... I'm not sure the Court had any burden. I think the burden was on you. Your Honor, the other concern that is at issue here is the FLSA decertification analysis. The District Court engaged in an overly restrictive application of the FLSA's similarly situated analysis. It essentially focused on the variation of activities and the length of time, as opposed to focusing on whether or not these individuals were subject to a common policy, looking at all of the different policies in place and the representative testimony and demonstrating that there was finding or at least determining that there was enough information here that would have warranted denying the defendant's motion for decertification and allowing a jury to rule on potential class-wide liability and damages. Other than that, Your Honor, unless Your Honors have any questions for me, then I see my time has expired. All right. Thank you. We'll take a brief recess, but before we'll come down and greet counsel. This Honorable Court will take a brief recess.
judges: Paul V. Niemeyer, Stephanie D. Thacker, Allison J. Rushing